UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  V.  TED M. SLONE,  Defendant. | CRIMINAL NO. 7:12-05-KKC-4  OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

On March 12, 2014, a jury convicted Ted M. Slone ("Defendant") of conspiracy to distribute oxycodone. (DE 283). This Court sentenced him to 230 months of imprisonment and 20 years of supervised release. (DE 348). Defendant is currently incarcerated at the federal correctional institution in Loretto, Pennsylvania. He now moves the Court to reconsider the denial of his compassionate release motion. (DE 440). However, because the Court finds that Defendant is still not entitled to release, the Court will deny the motion.

In the previous motion, filed on July 27, 2020 (DE 426), Defendant argued that he suffers from heart disease, chronic obstructive pulmonary disease (COPD), high cholesterol, obesity, and depression. Thus, given these preexisting conditions, Defendant expressed concerns about the heightened possibility of contracting COVID-19, as well as the negative consequences that could occur as a result of infection. This Court evaluated Defendant's circumstances, and by Order dated August 19, 2020 (DE 430), found that Defendant's stated reasons were not "extraordinary and compelling" as presumed under the Sentencing Commission's applicable policy statement. The motion was denied without prejudice with leave to refile should circumstances change.

In this current motion, Defendant asks this Court to reconsider his motion under the framework of a recent decision by the Sixth Circuit. Under *Jones,* it was determined that the Court is no longer bound by the policy statement in evaluating compassionate release motions filed directly by prisoners. *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). As such, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* This Court, however, still utilizes the policy framework for evaluating whether a defendant meets its burden of showing that a sentence reduction is warranted.

Upon review of Defendant's motion, the Court still does not find that his conditions have changed in a way that the Court can deem extraordinary and compelling. While Defendant appears to suffer from some chronic conditions, one of which is a heart stint, he does not assert that he has any issues that are terminal as defined under the policy statement. Likewise, Defendant does not assert that he has a permanent impairment that has diminished his ability to provide self-care within the prison environment. He instead appears to argue that his facility is a COVID-19 hotspot and that the overwhelming sickness in the facility is unnerving. The Court notes, however, that his situation is no different than all other inmates throughout the country. Defendant admits that he has already contracted COVID-19 once before and has recovered. (DE 440 at 6). Defendant does not assert that he has any lasting effects or complications.

Even assuming such circumstances *did* exist, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the

2

requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *6. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Defendant's sentencing (*see* DE 386) and has reconsidered them for purposes of this motion. Defendant was a leader of a drug conspiracy. He was responsible for the distribution of up to 150,000 oxycodone pills. The drug problem in the Eastern District of Kentucky is not unique. It is a problem that has long plagued this district for quite some time. And in this case, not only was Defendant involved in exacerbating the drug problem, but he was orchestrating it. The record reflects that Defendant has only served a small fraction—not even half— of the 230 months the Court imposed. Defendant must focus on taking the steps necessary to rehabilitate himself in order to ensure that he will lead a quality life upon his release. Therefore, in

consideration of the § 3553(a) factors, for the reasons stated in this opinion and at the time of Defendant's sentencing, the Court finds it is not appropriate to order his release at this time.

Lastly, to the extent that Defendant requests that the Court order that he serve the remainder of his prison term on home confinement, this Court has no authority to do so. The Bureau of Prisons is the entity that has the authority to designate the place of a prisoner's imprisonment, not the court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

Accordingly, the Court **HEREBY ORDERS** that Defendant's emergency motion for reconsideration (DE 440) is DENIED.

Dated January 19, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY